In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3609

DAVID MUELLER,

*Plaintiff-Appellant,*

*v.*

CITY OF JOLIET, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 C 07938 — **Harry D. Leinenweber**, *Judge.*

ARGUED NOVEMBER 4, 2019 — DECIDED DECEMBER 4, 2019

Before WOOD, *Chief Judge,* and BAUER and BRENNAN, *Circuit Judges.*

BAUER, *Circuit Judge.* Sergeant David Mueller took a leave of absence from the City of Joliet Police Department to report for active duty in the Illinois National Guard Counterdrug Task Force. When the Joliet Police Department placed him on unpaid leave, Mueller resigned from his National Guard

position and sued the City of Joliet and his supervisors for employment discrimination. The issue on appeal is whether the Uniformed Service Members Employment and Reemployment Rights Act ("USERRA"), which prohibits discrimination against those in "service in a uniformed service," protects Mueller's National Guard duty.

Mueller sued under USERRA, claiming that the Joliet Police Department's denial of compensation and benefits while he was on National Guard duty amounted to illegal, anti-military discrimination. The defendants moved to dismiss the complaint, arguing that his National Guard counterdrug duty was authorized under Illinois law and not covered by USERRA. The district court judge agreed and granted the defendants' motion to dismiss. Mueller appeals and argues that "service in the uniformed services" explicitly covers full-time National Guard duty, including counterdrug activities under 32 U.S.C. §§ 112 and 502(f). We find that the plain language of USERRA covers Title 32 full-time National Guard duty and reverse the district court's dismissal.

## I.  BACKGROUND

David Mueller was hired as a City of Joliet police officer and subsequently promoted to sergeant. On August 15, 2015, Mueller enlisted in the National Guard and performed active duty service on multiple occasions thereafter. In March 2016, Mueller received notice from the National Guard advising him of an opening in the Illinois National Guard Counterdrug Task Force. Mueller applied for the position. On March 23, he received orders to report for "Full Time National Guard Duty" in Romeoville, Illinois. The Adjutant General of the Illinois

National Guard executed the orders, assigning Mueller to counterdrug support in accordance with 32 U.S.C. § 112 from May 9, 2016, through September 30, 2016.

During this time, Brian Benton served as the City's Chief of Police and Edgar Gregory served as the City's Deputy Police Chief. Upon receiving his order to report for National Guard duty, Mueller informed them of his deployment orders and his upcoming active duty with the National Guard. On May 9, Mueller began active duty with the Illinois National Guard Counterdrug Task Force. On June 15, Benton sent an email to Mueller stating that Mueller would be placed on an "unpaid leave of absence," would have to use his benefit time while away, and would "not continue to accrue leave time, such as vacation or personal days." On August 1, Mueller resigned from his National Guard position and returned to the Joliet Police Department. From his full-time military employment on May 9 to his return on August 1, Mueller did not receive compensation from the Joliet Police Department and had to use 120 hours of accrued time and benefits.

Mueller sued the City of Joliet, Benton, and Gregory for violating USERRA and the Illinois Military Leave of Absence Act. The defendants moved to dismiss and the district court agreed, deciding that USERRA did not cover Mueller's position since it "was clearly under the authority of the State of Illinois" and that the state law claim lacked federal jurisdiction. The district court judge noted that Mueller's orders came from the State Adjutant General and looked to a Department of Labor regulation, 20 C.F.R. § 1002.57(b), stating that: "National Guard service under authority of State law is not protected by USERRA." The judge also added that if Mueller's position was

considered "federal service" then it would violate both the Posse Comitatus Act and the funding provision of 32 U.S.C. § 112(a)(1). Mueller moved to reconsider and for leave to file an amended complaint. The defendants moved to dismiss the amended complaint and the district court granted the motion for the same reasons: that Mueller, "as a member of a state drug interdiction task force, was attempting to enforce a state criminal law" and consequently not covered by USERRA.

## II.  DISCUSSION

Mueller, supported by the United States and several State governments as amici, appeals the district court judgment and argues that the judge misinterpreted USERRA by excluding Mueller's service from protection. Specifically, he argues that USERRA's discrimination section protects "service in a uniformed service," which 38 U.S.C. § 4303(13) defines as including "full-time National Guard duty." Mueller argues his service is explicitly categorized as full-time National Guard duty and federally authorized by 32 U.S.C. §§ 112 and 502(f).

We review *de novo* a district court's grant of a Federal Rules of Civil Procedure 12(b)(6) motion to dismiss. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). In doing so, we accept all well-pleaded facts in the complaint as true. *Id.* We note that here the issue concerns statutory interpretation and is thus a question of law. *Commodity Futures Trading Comm'n v. Worth Bullion Grp., Inc.*, 717 F.3d 545, 549 (7th Cir. 2013). We start with "the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Id.* at 550 (quoting *Turley v. Gaetz*, 625 F.3d

1005, 1008 (7th Cir. 2010) and *Park 'N Fly, Inc.* v. *Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)).

The statutory scheme of USERRA and National Guard service make it clear that Mueller's "Full-Time National Guard Duty" is authorized by federal law and protected by USERRA. The USERRA employment discrimination section states that those in "service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership." 38 U.S.C. § 4311(a). The definitions section of USERRA defines "service in the uniformed services" as "the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes … full-time National Guard duty." 38 U.S.C. § 4303(13). Instead of engaging in this statutory analysis, the district court looked to a Department of Labor regulation that said National Guard service under State law authority is not protected by USERRA. 20 C.F.R. § 1002.57(b). Even if the regulation were necessary to interpret USERRA, the previous subsection states that "National Guard service under Federal authority is protected by USERRA," which "includes duty under Title 32 of the United States Code, such as … full-time National Guard duty." 20 C.F.R. § 1002.57(a). As pointed out by the amici, the regulation serves to clarify that USERRA does not protect National Guard service in "State Active Duty," which is under exclusive State authority. Both USERRA and the regulation state, in plain language, that Title 32 full-time National Guard duty is covered.

The district court also erred in its interpretation of 32 U.S.C. § 112 and the Posse Comitatus Act by conflating federal

service and federal authority. Section 112 of Title 32 covers counterdrug activities and specifically creates a mechanism whereby the federal government provides funds to a State who has its counterdrug plan approved by the Department of Defense. 32 U.S.C. § 112. The district court erroneously concluded that since multiple provisions of Section 112 barred personnel "in Federal service" from performing counterdrug activities, Mueller's service could not be under "Federal authority." First, equating federal service and federal authority creates unnecessary contradictions between 32 U.S.C. § 112 and the Department of Labor regulation that considers Title 32 full-time National Guard duty as "under Federal authority." Second, the language of USERRA does not limit protection to those in "Federal service" like the Army or Navy but to those in "service in a uniformed service," which explicitly includes Title 32 full-time National Guard duty. The Posse Comitatus Act likewise only bars the Army and Air Force from domestic law enforcement, but does not apply to Title 32 National Guard duty. 18 U.S.C. § 1385. Federal service for purposes of the Posse Comitatus Act refers to standing active duty forces organized under Title 10 of the U.S. Code. While the Army National Guard and the Air National Guard are reserve components of the Army and Air Force, respectively, the National Guards are covered by different statutes (*i.e.*, Title 32) than those that apply to the active duty forces (*i.e.*, Title 10). Because Title 32 full-time National Guard duty is considered State service that is distinct from the Army and Air Force, extending USERRA's protection to Mueller does not violate 32 U.S.C. § 112 or the Posse Comitatus Act.

In sum, the district court erroneously conflated federal authority and federal service, and misinterpreted the Department of Labor regulation's binary between federal authority and state authority. USERRA's discrimination provision does not turn on such distinctions since, by constructing Title 32 activities under Section 112 as "Full-Time National Guard Duty," Congress intended for Mueller's service to be covered by USERRA. We decline the invitation to carve out an exception for Section 112 counterdrug activities when there is no textual or public policy rationale to do so.

### III.  CONCLUSION

We conclude that the district court judge erred in its interpretation of USERRA and Title 32 National Guard service under Section 112. The plain language of Title 32 contemplates Mueller's service as "Full-Time National Guard Duty," which USERRA explicitly covers. The judgment of the district court is therefore REVERSED and we remand for further proceedings consistent with this opinion, including the reinstatement of Mueller's state-law claim.